UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JILL KEMPLER, individually and
on behalf of others similarly situated,

    Plaintiff,

-vs-

SECOND ROUND, LP, a Texas
limited partnership,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**
**JURY DEMAND**

1.    Plaintiff, Jill Kempler (hereinafter "Plaintiff"), files the instant class action, individually and on behalf of others similarly situated, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") against Defendant, Second Round, LP (hereinafter "Defendant") in order to remedy illegal debt collection practices.

**INTRODUCTION**

2.    Abusive practices arising from the collection of time-barred debts are not uncommon. *See Federal Trade Commission, Collecting Consumer Debt; The Challenge of Change, A Workshop Report* at 27-29 (Feb. 2009). The Federal Trade Commission has determined that most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations and has also concluded that offers of partial payment "may convey or imply to consumers that they have only obligated themselves in the amount of the partial payment." *See Federal Trade Commission, The Structure and Practice of the Debt Buying Industry* 46-47 (Jan. 2013). Because the profit potential associated with the collection of time-

barred debts is so great, it presents an irresistible temptation to debt collectors and creditors alike. The instant class action is centered on the collection of these types of consumer debts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this class action pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d).

4. Venue is proper because this is where the cause of action accrued: Defendant transacts and/or conducts business in this venue, Defendant illegally attempted to collect consumer debts within this venue, and Plaintiff resides here.

5. Defendant's communications with Plaintiff and members of the Class in connection with the attempted collection of consumer debts in Florida made it foreseeable that it would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## PARTIES

6. Plaintiff is a natural person, and at all times relevant to this action, was a citizen of the State of Florida, residing in Broward County, Florida.

7. At all times relevant to this action, Plaintiff is and was a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a foreign corporation whose principal place of business is located at 1701 Directors Blvd., Ste. 900, Austin, TX 78744.

9. Defendant's registered agent for service of process in the state of Florida is Cogency Global, Inc., 115 North Calhoun Street, Suite 4, Tallahassee, FL 32301.

10. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

11. Defendant is registered with the Florida Office of Financial Regulation as a collection agency and is assigned license number CCA9901482.

12. At all times relevant to this action, Defendant is and was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## APPLICABLE LAW

### I.   Fair Debt Collection Practices Act

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

14. The FDCPA prevents false, deceptive or misleading representations in connection with the collection of consumer debts. 15 U.S.C. § 1692e.

15. The FDCPA also prevents the use of unfair or unconscionable means to collect or attempt to collect consumer debts. 15 U.S.C. § 1692f.

16. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

17. The FDCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

18. The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

19. The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20.     At all times relevant to this action, Defendant sought to collect from Plaintiff an alleged consumer debt arising from transactions incurred primarily for personal, family or household purposes.

21.     On or about September 15, 2017, Defendant sent a form collection letter to Plaintiff regarding a consumer credit account previously owned by Synchrony Bank. (Exhibit 'A').

22.     When Plaintiff received the aforementioned form collection letter, she bore no legal responsibility to pay the debt and could face no legal exposure by not paying the debt.

23.     The form collection letter stated that Plaintiff is indebted to Second Round Sub, LLC in the amount of $1,595.00.

24.     The form collection letter also sets forth the following statements:

"Second Round, LP is excited to offer you 2 money saving options to take care of this account."

"Monthly Payments – Payment Amount $75.00 – Number of Payments 14 – 1st Payment Due Date 09/28/2017 – Savings Amount $545.00"

"One Payment – Payment Amount $797.50 – Number of Payments 1 – Due Date 09/28/2017 – Savings Amount $797.50"

""We believe most people prefer to satisfy their past financial obligations."

"Keep in mind, we are not obligated to renew or extend this offer in the future."

"How can you take advantage of this offer?"

"1. You can mail a check or money order for the first payment of $75.00. We will then send out a payment coupon book for the remaining payments; or"

"2. You can call us at 866-950-6357 during normal business hours; our friendly representatives can set up your payments over the phone using a variety of payment methods. You can also call to discuss alternate payment arrangements."

"The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

"If you do not pay the debt, Second Round Sub, LLC may report or continue to report it to the credit reporting agencies as unpaid."

"This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

25. The form collection letter sent by Defendant to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The form collection letter couched as an "offer to settle" failed to disclose to Plaintiff that a partial payment or a promise to make a partial payment toward the debt would revive Defendant's ability to sue on the debt.

## CLASS ALLEGATIONS

27. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons, subject to modification after discovery and further case development:

> All persons who Defendant sent, or caused to be sent, debt collection letters in the form of Exhibit 'A' to a mailing address located in the State of Florida, during the one-year period prior to the filing of this action.

28. The members of the Class are all identifiable through Defendant's records.

29. Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

30. Plaintiff proposes that she serve as class representative for the class as she and the members of the Class have all been harmed by Defendant's actions.

31. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

32. Plaintiff believes and therefore avers, that Defendant has improperly sent collection letters to over forty (40) consumers throughout the State of Florida during the relevant time period.

33. There are questions of law and fact common to Plaintiff and to the members of the Class, including but not limited to:

   a. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e;

   b. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e(10);

   c. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692f;

   d. Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA as a result of Defendant's actions;

   e. Whether Plaintiff and members of the Class are entitled to actual damages pursuant to the FDCPA as a result of Defendant's actions;

   f. Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA; and

   g. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

35. Plaintiff is an adequate representative of the Class because she will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent her.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692e

38. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

39. Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations to Plaintiff and members of the Class.

40. Defendant made false, deceptive or misleading representations to Plaintiff when it sent a form collection letter couched as "offers to settle" by not disclosing that a partial payment or a promise to make a partial payment toward the debt would effectively reset the applicable statute of limitations.

41. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal debt collection practices.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692e(10)

42. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

43. Defendant violated 15 U.S.C. § 1692e(10) by the use of false representations or deceptive means to collect or attempt to collect consumer debts from Plaintiff and members of the Class.

44. Defendant used false representations or deceptive means to collect or attempt to collect a debt from Plaintiff when it sent a form collection letter couched as "offers to settle" by not disclosing that a partial payment or a promise to make a partial payment toward the debt would effectively reset the applicable statute of limitations.

45. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal debt collection practices.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692f

46. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

47. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect consumer debts from Plaintiff and members of the Class.

48. Defendant used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff when it sent a form collection letter couched as "offers to settle" by not disclosing that a partial payment or a promise to make a partial payment toward the debt would effectively reset the applicable statute of limitations.

49. As a result of Defendant's aforementioned violations of the FDCPA, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal debt collection practices.

## JURY DEMAND

50. Plaintiff and members of the Class are entitled to and respectfully demand a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests this Court enter judgment against Defendant for all of the following:

a. That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. That Plaintiff and all members of the Class be awarded statutory damages pursuant to the FDCPA;

c. That Plaintiff and all members of the Class be awarded actual damages pursuant to the FDCPA;

d. That Plaintiff and all members of the Class be awarded costs and attorney's fees pursuant to the FDCPA;

e. That the Court enter a judgment permanently enjoining Defendant from violating the FDCPA;

f. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the FDCPA;

g. That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify members of the Class; and

h. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,


By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No.: 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, FL 33432
Office: 954-235-3706
Chris@theconsumerlawyers.com

Darren R. Newhart, Esq.
Florida Bar No.: 115546
Darren@cloorg.com

J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
DCard@Consumerlaworg.com

CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Office: (561) 692-6013
Facsimile: (305) 574-0132

*Attorneys for Plaintiff
and the putative class*